FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 16 PM 12:00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN GOULD, JR. | ) | CIVIL ACTION |
| | ) | |
| VERSUS | ) | NO. 00-0304 |
| | ) | |
| THE M/V GOLDEN DESTINY, its tackle, | ) | SECTION "N" |
| appurtenances *IN REM*, FREEDOM | ) | (Judge Edith Brown Clement) |
| NAVIGATION, INC. and UNIVERSE | ) | |
| MARITIME, LTD. | ) | MAGISTRATE (2) |
| | ) | (Mag. Judge Joseph Wilkinson, Jr.) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' REQUEST
FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Plaintiff opposes Defendants' attempt to file a Motion for Summary Judgment at this late date after the expiration of the deadline set forth in the Court's Pre-Trial Order.

Defendants claim that they couldn't file this motion before now because Captain Adedakis was at sea and unavailable for deposition. Plaintiff submits that this excuse is facetious and at best one of convenience. With modern communications, defendants could easily have submitted their captain's testimony in support of a motion for summary judgment by way of affidavit. His physical presence in New Orleans was not necessary. The deposition could have been taken earlier by telephone or other electronic means. Instead, the deposition of Adedakis was set up on short notice. Defendants' counsel explained that the Captain's ship had a last minute change in port destination

and was now coming to New Orleans. The explanation offered was that perhaps price fluctuations in the oil spot market made it more profitable for discharge of the ships cargo to occur here. In any event, defendants desired to take Adedakis's deposition for perpetuation to avoid having him flown in for trial a month later. Undersigned counsel acquiesced in the request even though the deposition was taken a day later and at a different location than was noticed.

Captain Adedakis could have been produced in New Orleans for deposition earlier. He testified that defendant's ships regularly call upon the Port of New Orleans. He personally has been here many times. He also regularly visits other U.S. ports. This case has been pending for over one year. The Court's Pre-Trial Order was entered on June 21, 2000. Defendant had abundant opportunities to obtain the deposition of Captain Adedakis prior to February 8, 2001.

It is interesting to note that when defendants feel they can benefit from having their surveyors, or investigators gain access to the vessel or its crew they have no problem with them being at sea.. For example, defendants' counsel desired to have photos taken of the M/V Golden Destiny on three separate occasions, as identified by defendants in Adedakis' deposition.. The first was in New Orleans on February 7, 1999. Defendants' counsel also met with Adedakis on that date. The second was after this suit was filed when the ship was made exclusively available to defendants' investigator during March 2000 in Baytown Texas. Most recently, after the plaintiff's deposition, the defendants once again sent an investigator on board the ship on December 16, 2000 at Bayonne New Jersey.

The overall circumstances of defendants' handling of this case demonstrate that the reason stated in their Motion, that their captain was at sea and thus unavailable, is without merit.

Plaintiff can only surmise that the real reason for the late filing is to gain tactical advantage

2

in settlement negotiations and trial preparation. Why else would defendants' Motion be hand delivered to plaintiff's counsel two hours before a settlement conference scheduled with Magistrate Wilkinson? We are approximately three weeks from trial, with the Mardi Gras holidays occurring in this time period. Defendants know that plaintiff disputes their "Statement of Uncontested Material Facts" in the areas relevant to liability determination. What other reason can there be for this late filing than an attempt to attain some perceived tactical advantage?

Plaintiff therefore objects to defendants' Motion and asks the court to deny them leave to proceed with their Motion.

                Respectfully submitted,

                LANDRY & LAVELLE, L.L.P.

                BY: _____
                      PAUL M. LAVELLE (8134)
                      JOSEPH B. LANDRY (7985)
                      JAMES M. BENSON (23647)
                      639 Loyola Ave., 25th Floor
                      New Orleans, LA 70113-7103
                      Telephone: (504) 524-0520
                      Fax: (504) 561-0326

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, on this 16th day of February, 2000.

                _____
                PAUL M. LAVELLE