

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN GOULD, JR. | ) | CIVIL ACTION |
| | ) | |
| VERSUS | ) | NO. 00-0304 |
| | ) | |
| THE M/V GOLDEN DESTINY, its tackle, | ) | SECTION "N" |
| appurtenances *IN REM*, FREEDOM | ) | (Judge Edith Brown Clement) |
| NAVIGATION, INC. and UNIVERSE | ) | |
| MARITIME, LTD. | ) | MAGISTRATE (2) |
| | ) | (Mag. Judge Joseph Wilkinson, Jr.) |

### MEMORANDUM IN OPPOSITION TO
### DEFENDANTS MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

**Factual Dispute That Makes Summary Judgment Inappropriate**

Quite simply, a material issue of fact exists that makes defendants' Motion for Summary Judgment fail. Defendants claim that their captain told Gould that an escort would be available if he waited for the third mate to return. To the contrary, Gould testified in his deposition and will elaborate at trial that the captain informed him that there was no one available to escort him and asked Gould to find his own way down (Defendant's Exhibit 1, Gould Deposition, p. 48. l. 6 - 9).

Gould's testimony is supported by the circumstantial evidence brought out in the deposition of the ships captain. That deposition, which was not attached to defendants' motion in its entirety shows that the third mate was actually unavailable to escort Gould from the bridge. The third mate already left the bridge (Exhibit 1, Adedakis deposition p. 155, l. 21 - 25). He had deck duties to

perform which required him to be on the main deck for a watch beginning at 18:00 hours (Exhibit 2 Sea/Port Watches[1] & Exhibit 1, p. 107, l. 22). It was already past 18:00 hours when the ship was made all fast and the third mate left the bridge to change into his overalls, the common uniform for deck duty aboard an oil tanker (Exhibit 1, P. 108, L. 3 - 25). It is highly unlikely that the third mate would return to the bridge to escort the pilot, especially when cargo discharge is beginning because according to the ship's master, the deck crew had "many, many things to do" (Exhibit 1, p. 186, l. 10).

It is abundantly clear that the master of the ship was unwilling to pull anyone from their duties to escort the pilot. This failure to see the pilot safely to his point of disembarkation is a breech of a duty owed to Gould that resulted in his being put in a position to be injured.

Defendants argue about the choices that Gould made in exiting the ship and advance them as reasons to deny liability in this case. However, the reason Gould was faced with those choices was the underlying breech of duty by defendants in not providing a safe escort from the vessel. Further those choices do not remove the obligation from defendant to meet its duty. At best defendants arguments in this regard arise to arguments of contributory negligence and should be evaluated at trial with all the evidence.

Further in this regard, plaintiff specifically disputes the existence of color coded signs or arrows on the interior of the main deck of the ship. This is the deck where Gould exited the ship's house not the Boat deck or "B" deck as defendants mistakenly assert. (Defendant's Exhibit 1, Gould deposition p. 49, l. 8) Gould also has no recollection of the existence of a sign near the pump house

---

[1]Exhibit 2 - Sea/Port Watches, was attached to Captain Adedakis's deposition as Exhibit "7".

2

as defendant's assert. Lastly, Gould does assert the deck and piping were covered with a slippery substance which he described as being full of grit. (*Id* p. 61, l.2).

## Applicable Procedural Law

Summary Judgment is not appropriate when there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). Summary Judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56, *Clay v. Daiichi Shipping*, 74 F.Supp. 665, 667 (E.D.La. 1999). The disputed material facts of this matter clearly show that the defendant is not entitled to judgment as a matter of law.

## Duty Breached

While it is true that the Fifth Circuit does not consider Martin Gould a member of the crew and is therefore not entitled to a warranty of seaworthiness, the Fifth Circuit has discussed in detail the standard of care that the defendants owed to Martin Gould. In *Smith v. Southern Gulf Marine Co. No. 2, Inc.*, the Court stated,

> The United States Supreme Court has held that under maritime law "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty to exercise reasonable care under the circumstances." *Kermerac v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 70 S.Ct. 406, 410, 3 L.Ed.2d 550 (1959). *Kermerac* sought to clear away the tangle of common law concepts pertinent to the duty of care owed to invitees and licensees on land from the duty of care owed to passengers on a ship. It rejected the use of a conceptual framework based on the duties of owners and occupiers of land as adaptable to the peculiar needs of maritime activities. *See* 358 U.S. at 630-32 & nn. 7-10, 79 S.Ct. At 409-410 & nn. 7-10. Instead, *Kermerac* created a standard of "reasonable care under the circumstances of each case."

> In this Circuit, the standard of care owed to passengers on a ship, **including their**

> **embarkation and disembarkation**, has variously been stated as a "high degree of care, " as a "duty ... of ordinary care, " as a "reasonably safe means" of boarding and leaving a vessel, as a duty of "reasonable care", and as a "duty of reasonable care under the circumstances." Despite these various formulas enunciated in these cases, a review of the facts and the stated standards of care shows that shipowners, relatively speaking, are held to a high degree of care for the safety of passengers.

(Emphasis added. Footnotes omitted). 791 F.2d 416, 419-420 (5th Cir. 1986).

At the very least, the vessel and its master owed Gould a duty of exercising reasonable care under the circumstances. As in *Smith*, the circumstances in this case include "inter alia, the experience of the crew, the type of carrier involved, the dangers to the passengers peculiar to that type of carrier, the carrier's degree of control over the passengers, and the carrier's ability to take precautions against such dangers." *Smith*, 791 F.2d at 421. Considering these circumstances, defendant's duty includes a duty of providing a pilot with a safe escort from the bridge to his point of disembarkation. Defendants' master agrees that he and his company follow this custom (Exhibit 1, p. 154, l. 22 - p. 155, l. 2). They provided escorts to all the other pilots they used on this passage through the port of New Orleans (Exhibit 1, p. 180, l. 19 - p. 181, l. 4). Their failure in this regard caused Gould to be put in a zone of danger that resulted in his injury.

Defendants argue that Gould is an experienced pilot and did not need this escort. To the contrary, this experience means that Gould boards many types of ships that have many different configurations. All the more reason for an escort. In any event, his experience would go more to the issue of contributory negligence and not the analysis of liability for breach of a duty.

Defendants also argue that pilots are often faced with having to find their own way. That may be true on defendants ships under certain circumstances or on ships where the crew is under manned and the duty is breached. However, the repeated breach of a duty does not mean the duty is

4

not owed. That would be akin to arguing that a one could not be held liable for an automobile accident caused by speeding because many people breach the speed laws. Plaintiff's expert Ed Daniels recognizes this abhorrent breach of duty in his report as something that pilots are faced to deal with especially when aboard undermanned ships. Defendants attached his report as their exhibit "5". However they ignore the fact that Daniels clearly lays the blame for this accident on defendants for this very breach of duty and as in the speeding example above will no more readily excuse their failure to use reasonable care than would any court excuse a speeding driver's fault for causing an accident simply because the breach of these obligations is growing more frequent. Instead it is the very fact that the frequency of this negligence is increasing that demands that those guilty of it be held accountable.

Simply, defendants breached their duty to Gould. There is a dispute as to the material fact of whether the master had an escort available after a short wait or if as Gould testified and the circumstantial evidence suggests, there was no one available and the master told Gould to find his own way. In either event it is undisputed that Gould was attempting to reach his point of disembarkation without an escort. The master knew that he was unescorted as well as the master knows the inherent dangers on the decks of an oil tanker. Summary Judgment is inappropriate under these circumstances and should be denied.

Respectfully submitted,

LANDRY & LAVELLE, L.L.P.

BY: _____
PAUL M. LAVELLE (8134)
JAMES M. BENSON (23647)
639 Loyola Ave., 25th Floor
New Orleans, LA 70113-7103
Telephone: (504) 524-0520

5

GUSTE, BARNETT & SHUSHAN, L.L.P.
**ROBERT A. BARNETT (#2778)**
639 Loyola Ave., Suite 2500
New Orleans, LA 70113-7103
Telephone: (504) 529-4141

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, on this 5th day of _____, 2001.

PAUL M. LAVELLE

C:\CLIENTS\CLIENTS.PML\Gould\Opposition to SJ Mtn.wpd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN GOULD, JR. | ) | CIVIL ACTION |
| | ) | |
| VERSUS | ) | NO. 00-0304 |
| | ) | |
| THE M/V GOLDEN DESTINY, its tackle, | ) | SECTION "N" |
| appurtenances *IN REM*, FREEDOM | ) | (Judge Edith Brown Clement) |
| NAVIGATION, INC. and UNIVERSE | ) | |
| MARITIME, LTD. | ) | MAGISTRATE (2) |
| | ) | (Mag. Judge Joseph Wilkinson, Jr.) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS
A GENUINE ISSUE TO BE TRIED**

Plaintiff, Martin Gould, submits the following in response to defendants Statement of Uncontested Material Facts

I.

It is customary for Pilots to be escorted both to the bridge upon their arrival on board and also from the bridge to their point of disembarkation when they depart a ship evan when the ship is at dock.

II.

Gould was told by the ship's master that there was no one available to escort him from the bridge to the launch and that he would have to find his own way.

III.

The ship's master never told Gould that an escort would be available in a few minutes. To the contrary, Gould was informed that there was no escort available and he would have to find his own way off the bridge.

IV.

Gould has no recollection of any sign or label that states "P/RM ACCESS PROHIBITED W/OUT C/OFFICER PERMISSION"

V.

There was a slippery, gritty substance on the deck and pipeline in question. They were incrusted with sea salt.

VI.

Gould did not exit onto the boat deck as claimed by defendants but rather exited the interior stairs on the main deck of the ship.

VII.

Defendants present no evidence that there were any signs on the main deck interior stair indicating which side was port and which was starboard.

Respectfully submitted,

LANDRY & LAVELLE, L.L.P.

BY: *[signature]*
PAUL M. LAVELLE (8134)
JOSEPH B. LANDRY (7985)
JAMES M. BENSON (23647)
639 Loyola Ave., 25th Floor
New Orleans, LA 70113-7103
Telephone: (504) 524-0520
Fax: (504) 561-0326

2

GUSTE, BARNETT & SHUSHAN, L.L.P.
**ROBERT A. BARNETT (#2778)**
639 Loyola Ave., Suite 2500
New Orleans, LA 70113-7103
Telephone: (504) 529-4141

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, on this 5th day of _March_, 2000.

PAUL M. LAVELLE

3

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**